

**ENTERED**
**04/04/2014**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

IN RE                   )
)
MARY A. GALVAN,       )  CASE NO. 08-80327-G3-13
)
     Debtor,     )
)

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Trustee's Notice of Final Cure Payment and Motion to Deem Mortgage Current" (Docket No. 130). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Mary A. Galvan ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 10, 2008. William E. Heitkamp ("Trustee") is the Chapter 13 trustee.

On July 22, 2008, Carrington Mortgage Services, LLC ("Carrington") filed a proof of claim in the instant case.

Debtor's amended Chapter 13 plan (Docket No. 52) was confirmed by order entered on January 29, 2009.  (Docket No. 55). The plan was modified, by order entered on August 25, 2011. (Docket No. 105).  Debtor's plan provides for the claim of Carrington.

On June 19, 2012, Carrington filed a notice of mortgage payment change, indicating a reduction in escrow for the amount of hazard insurance.  (Docket No. 108).

On October 31, 2013, Trustee filed a notice indicating that Debtor has completed making all the payments due under the confirmed plan.  (Docket No. 126).

On November 5, 2013, Trustee filed the instant motion. In the instant motion, Trustee seeks a determination that the claim of Carrington is current, that all escrow deficiencies, if any, have been cured, and that all charges imposed by the creditor have been satisfied in full.  (Docket No. 130).

Carrington filed a response to the instant motion.  In its response, Carrington agrees that Debtor has paid in full the amount required to cure the prepetition default on its claim. However, Carrington asserts that Debtor is due for postpetition advances of $1,135.80 during 2010, and $1,271.76 during 2011 for insurance.  (Docket No. 132).

The instant motion was set for an evidentiary hearing. At the hearing, at which counsel for Trustee, Carrington, and

2

Debtor appeared, the parties presented no testimony or

documentary evidence.  The court takes judicial notice of the

docket sheet and the filed documents in the above captioned case.

In particular, the court takes judicial notice that Carrington

has not filed a notice of postpetition fees, expenses, and

charges pursuant to Bankruptcy Rule 3002.1(c).

Conclusions of Law

Bankruptcy Rule 3002.1 took effect on December 1, 2011.

It provides in pertinent part:

> (c) Notice of fees, expenses, and charges.  The holder
> of the claim shall file and serve on the debtor,
> debtor's counsel, and the trustee a notice itemizing
> all fees, expenses, or charges (1) that were incurred
> in connection with the claim after the bankruptcy case
> was filed, and (2) that the holder asserts are
> recoverable against the debtor or against the debtor's
> principal residence.  The notice shall be served within
> 180 days after the date on which the fees, expenses, or
> charges are incurred.

* * *

> (f) Notice of final cure payment.  Within 30 days after
> the debtor completes all payments under the plan, the
> trustee shall file and serve on the holder of the
> claim, the debtor, and debtor's counsel a notice
> stating that the debtor has paid in full the amount
> required to cure any default on the claim.  The notice
> shall also inform the holder of its obligation to file
> and serve a response under subdivision (g).  If the
> debtor contends that final cure payment has been made
> and all plan payments have been completed, and the
> trustee does not timely file and serve the notice
> required by this subdivision, the debtor may file and
> serve the notice.
>
> (g) Response to notice of final cure payment.  Within
> 21 days after service of the notice under subdivision
> (f) of this rule, the holder shall file and serve on

the debtor, debtor's counsel, and the trustee a
statement indicating (1) whether it agrees that the
debtor has paid in full the amount required to cure the
default on the claim, and (2) whether the debtor is
otherwise current on all payments consistent with §
1322(b)(5) of the Code.  The statement shall itemize
the required cure or postpetition amounts, if any, that
the holder contends remain unpaid as of the date of the
statement. The statement shall be filed as a supplement
to the holder's proof of claim and is not subject to
Rule 3001(f).

(h) Determination of final cure and payment.  On motion
of the debtor or trustee filed within 21 days after
service of the statement under subdivision (g) of this
rule, the court shall, after notice and hearing,
determine whether the debtor has cured the default and
paid all required postpetition amounts.

Bankruptcy Rule 3002.1.

The claimant bears the burden of proof as to whether

postpetition charges are allowed under Bankruptcy Rule 3002.1(h).

In re Rodriguez, 2013 WL 3430872 (Bankr. S.D. Tex., Slip Op.

7/8/2013); In re Kreidler, 494 B.R. 201 (Bankr. M.D. Pa. 2013).

In the instant case, Carrington did not present

evidence to support its contention that it made disbursements

postpetition for which Debtor is responsible.  The filing of

Carrington's notice of mortgage payment change in 2012, after it

had purportedly made disbursements, with the effect of reducing

the escrow attributable to insurance on Debtor's home, supports

an inference that there were no such disbursements for which

Debtor is responsible.  The court concludes that Carrington has

failed to meet its burden of proof.

Based on the foregoing, a separate Judgment will be entered granting the "Trustee's Notice of Final Cure Payment and Motion to Deem Mortgage Current" (Docket No. 130).

Signed at Houston, Texas on April 4, 2014.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE